UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 23-1393 |
|---|---|
| Case Name | *Estate of Serafin Finn v. City and County of Denver, et al.;* District Court No.: 21-cv-2160-CNS-SKC |
| Party or Parties Filing Notice of Appeal Or Petition | Defendant Jason Gentempo |
| Appellee(s) or Respondent(s) | Estate of Serafin Finn, by and through Melissa R. Schwartz |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A. APPEAL FROM DISTRICT COURT**

**1.** Date final judgment or order to be reviewed was **entered** on the district court docket: December 1, 2023.

**2.** Date notice of appeal was **filed**: December 13, 2023.

**3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days from date of Order, Fed. R. App. P. 4(a)(1)(A)

    **a.**    Was the United States or an officer or an agency of the United States a party below? No

    **b.**    Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

**4.**    Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.**    Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): N/A

    **b.**    Has an order been entered by the district court disposing of any such motion, and, if so, when? N/A

**5.**    Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No
**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.**    If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? No.

    **b.**    If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? No.

    **c.**    If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

    The statutory basis for appeal is 28 U.S.C. § 1291, specifically, the collateral order doctrine authorizing appeal of an order denying a dispositive motion based on qualified immunity. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on

2

an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (holding appellate courts have jurisdiction over a district court's order rejecting as a matter of law qualified immunity raised in a motion to dismiss); *Blossom v. Yarbrough*, 429 F.3d 963, 966 (10th Cir. 2005) (explaining that the Tenth Circuit may reverse a trial court on an interlocutory basis if the plaintiff's version of the facts does not amount to a violation of a clearly established right; this is true even if some of the fact are controverted); *Mayfield v. Bethards*, 826, F.3d 1252, 1255 (10th Cir. 2016).

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). N/A

    **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific

statutory section or other authority): _____

**C. APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____ (If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    **B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.** Describe the sentence imposed. _____
_____

    **D.** Was the sentence imposed after a plea of guilty? _____

    **E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    **F.** Is the defendant on probation or at liberty pending appeal? _____

    **G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a

> transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

This case arises from Defendant Jason Gentempo's ("Gentempo") use of force that occurred at Denver Health Medical Center while Gentempo was attempting to transport Serafin Finn ("Finn") to jail. Finn had been uncooperative with hospital staff, to include yelling and calling them racial and gender-based slurs. Gentempo engaged in multiple attempts to de-escalate Finn, however, none were effective. While exiting the hospital, Finn, who had Hepatitis C, repeatedly spit at Gentempo, one of which landed in his mouth.

In response, Gentempo used force on Finn. Even if accepting Plaintiff's version that Gentempo struck Finn twice, flipped Finn's wheelchair over, and applied a mandibular pressure point angle hold to prevent further spitting until a spit hood was retrieved and applied, the law is not clearly established that this use of force is unconstitutional.

Plaintiff asserts one claim for relief against Defendant Gentempo: (1) excessive force in violation of the Fourteenth Amendment[1] pursuant to 42 U.S.C. § 1983 against Defendant Gentempo. Defendant Gentempo moved for summary judgment as to the sole claim against him in its entirety. The District Court denied Defendant Gentempo's motion in full, and in doing so denied his request for qualified immunity.

---

[1] Plaintiff initially sought a Fourth Amendment excessive force claim against Defendant Gentempo but conceded that the Fourteenth Amendment instead applies in his Response to Defendant Gentempo's Motion for Summary Judgment, [Doc. No. 93, p. 11].

5

**IV.  IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

(1) Did the District Court err in denying Gentempo's Motion for Summary Judgment on grounds of qualified immunity with respect to the existence of clearly established law?

**V.  ATTORNEY FILING DOCKETING STATEMENT**

Name:     Eric M. Ziporin and Tiffany E. Toomey

Telephone: (303) 320-0509

Firm:     SGR, LLC

Email:    eziporin@sgrllc.com

Address:  3900 E. Mexico Ave., Suite 700
          Denver, CO 80210

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov. The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 28th day of December, 2023, I electronically filed a true and correct copy of the above and foregoing **DOCKETING STATEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Matthew Cron
Omeed Azmoudeh
mc@rmlawyers.com
oa@rmlawyers.com
*Counsel for Plaintiff*

Benjamin Hartford
ben@bhartfordlaw.com
*Counsel for Plaintiff*

Jonathan Cooper
Jonathan.Cooper@denvergov.org
*Counsel for Defendant City and County of Denver*

s/ Taylor Will
Legal Secretary
